IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANDRE STATON, | ) |
| | ) |
| Petitioner, | ) No. 3:15-cv-240 |
| | ) Senior Judge Joy Flowers Conti |
| v. | ) |
| | ) |
| JOHN E. WETZEL, et al., | ) |
| | ) |
| Respondents. | ) |

**SCHEDULING ORDER**

**AND NOW**, this 25th day of July, 2023 it is **HEREBY ORDERED** that:

1. **Amended Petition:** The amended petition for a writ of habeas corpus is due by **March 1, 2024.** The amended petition is to contain the petitioner's legal briefing in support of his claims. No separate memorandum of law shall be filed. In the amended petition, each claim for relief must be numbered separately and must include the following information:

   a) citations to the specific provision(s) of the United States Constitution upon which the petitioner relies as a basis for relief;

   b) whether the claim has been exhausted in the state courts, with specific citation to the state court record each time the claim or any subpart of it was raised in a filing before the state courts;

   c) the facts supporting each ground for relief and a thorough discussion of the merits of the claim under the law;

   d) whether the state court adjudicated the claim, or any subpart of it, on the merits, such that federal review of the claim, or any subpart of it, is governed by the standard of review in 28 U.S.C. § 2254(d); and,

   e) whether the petitioner is seeking an evidentiary hearing on the claim.

2. **Answer**: The answer to the amended petition, which shall contain legal briefing, is due on **May 30, 2024**. No separate memorandum of law shall be filed. In the

answer, the respondents must respond to each of the petitioner's claims for relief, using the same claim number and in the same order as each claim raised by the petitioner.

3. **State Court Record:** In accordance with the requirements of Rule 5 of the Rules Governing Section 2254 Cases, Rule 2254(E) of the Local Rules of the United States District Court for the Western District of Pennsylvania, the Electronic Case Filing Policies and Procedures In the United States District Court and for the Western District of Pennsylvania, **the respondents shall, on or before the date that they file their answer, submit the complete state court record in this matter**, including all records pertaining to the pretrial, trial, sentencing, post-trial, direct appeal, and post-conviction proceedings that occurred in the petitioner's state case. Specifically, the respondents must file:

   a) all briefs, petitions for allowance of appeal, and petitions for writs of certiorari that the petitioner submitted to an appellate court on direct appeal or in a PCRA proceeding relating to his judgment of sentence imposed in the petitioner's state case;

   b) all briefs, petitions for allowance of appeal, and petitions for writs of certiorari that the prosecution submitted in an appellate court in any of those direct appeal or PCRA proceedings;

   c) all opinions and dispositive orders issued by the appellate courts in those direct appeal or PCRA proceedings; and,

   d) the complete common pleas court's file for the petitioner's state case. This file must contain all of the documents that were filed with the common pleas court, and must also contain **a complete set of all of the transcripts for the petitioner's pre-trial, trial, sentencing, post-trial, and PCRA proceedings, as well as all documentary evidence[1] admitted at those proceedings**. Certified copies of the state court dockets must be included as well.

It is recommended that the original common pleas court's file be transferred to this court in the traditional manner on paper. This court's Clerk of Court will note on the docket that the original common pleas court's file has been received. The file is

---

[1] "Documentary exhibits" are those items that can be photocopied and reproduced if needed, such as, for example, police and laboratory reports, telephone records, geological maps, and photographs.

2

not part of this court's permanent case file and will be returned to common pleas court upon final disposition of this habeas case, including appeals.

The respondents shall submit the original common pleas court's file. If the respondents are unable to do so, the court will accept a certified complete copy of it. If a certified complete copy is submitted, it must be electronically filed. Care must be taken so that all items are photocopied accurately, legibly, and in full.

4. **Reply.** The petitioner may file a reply within 30 days of the filing of the answer. The reply must be limited to those issues not previously raised.

5. **Sur-Reply.** The respondents may file a sur-reply within 30 days of the filing of the reply.

/s/ Joy Flowers Conti  
Joy Flowers Conti  
United States District Court Judge